UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) 1:24-cr-123 |
| v. | ) |
| | ) Judge Collier/Dumitru |
| | ) |
| GARRY LEBRON HAYES | ) |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Garry LeBron Hayes, and the defendant's attorney, J. Everett Hoagland, have agreed upon the following:

1. The defendant will plead guilty to the following count in the indictment:

**Count Two:** The defendant did knowingly and willfully transmit in interstate commerce a communication containing a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

The punishment for this offense is as follows: Imprisonment for a term of up to five years; a fine of up to $250,000; supervised release for up to three years; any lawful restitution; and a $100 special assessment.

2. The government will move at the time of sentencing to dismiss the remaining count against the defendant in the indictment (Count One).

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. The defendant is pleading guilty because the

1

defendant is in fact guilty. To be guilty, the defendant agrees that each of the following elements of the crime must be proved beyond a reasonable doubt:

**Count Two (18 U.S.C. § 875(c)):**

    a. The defendant knowingly transmitted a communication;

    b. the communication contained a threat to injure a particular person;

    c. the defendant transmitted the communication for the purpose of making a threat or knowing that the communication would be viewed as a threat; and

    d. the communication was transmitted in interstate commerce.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

    a. On July 2, 2024, the defendant, while in Tennessee, called a Member of Congress's district office in Georgia and left a threatening voicemail message. In the voicemail message, the defendant stated as follows: "I'm in Chattanooga. You got, you got to ask your kids to [expletive] finally kiss your ass, [expletive]. Imma kill your ass, Imma kill you, [expletive]."

    b. The defendant had threatened that Member of Congress twice before. On March 9, 2022, he left the Member a voicemail stating as follows: "My name is Gary, G-A-R-R-Y, Hayes, H-A-Y-E-S. And I'm a little bit off. I'm a little bit taken back, but I'm from that area you are. And at any time that you feel like you want to do white nationalist shit, call my name, call my name. I'll come see you and your children, and we'll see how that ends up. [expletive]!" On December 9, 2022, the defendant left the Member a voicemail

2

stating as follows: "Let me assure you of something. You trifling [expletive]. I'm a black man and I will meet you one day, [expletive]. And when I do, I want your kids there, cause I'm gonna beat your [expletive] ass in front of your children [expletive]. Now come [expletive] with me. Come [expletive] with me. Have your husband there too, [expletive]."

    c.    After an FBI Task Force Officer interviewed the defendant's mother about the defendant's threats, the defendant sent the following email to an FBI Special Agent on December 6, 2024: "I just unfortunately found out that you have visited my mother's house. I certainly have not threatened or did anything to the government. But I understand Trump is elected and you are counterpart clearly is a Trump lover. Don't threaten my mother and don't threaten me. I don't have a threat for you all but I will defend my life to death. So tell your friend don't come back to me don't come back to my mother's house I don't have a threat for you all. But I'm willing to die."

    d.    The defendant admits that, as charged in the Indictment, he knowingly and willfully transmitted in interstate commerce a communication containing a threat to injure the person of another.

    e.    The above-referenced acts and events occurred in the Eastern District of Tennessee.

5.    The defendant is pleading guilty because the defendant admits he is in fact guilty. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a)    the right to plead not guilty;

    b)    the right to a speedy and public trial by jury;

    c)    the right to assistance of counsel at trial;

3

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

a. The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b. The Court will impose special assessment fees as required by law; and

c. The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to

Page **5** of **8**

Case 1:24-cr-00123-CLC-MJD    Document 25    Filed 04/14/25    Page 5 of 8    PageID #: 63

disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

    a) If requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c) If requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees that the defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state, or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. If additional terms are included in the Supplement, they are hereby fully incorporated herein.

13. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

Page 7 of 8

Case 1:24-cr-00123-CLC-MJD    Document 25    Filed 04/14/25    Page 7 of 8    PageID #: 65

14. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to violating 18 U.S.C. § 875(c), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of the defendant's conviction on immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences the plea may entail, even if the consequence is automatic removal from the United States.

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

4-14-25
Date

By: _____
Joseph G. DeGaetano
Assistant United States Attorney

4/14/25
Date

_____
Garry LeBron Hayes
Defendant

4/14/25
Date

_____
J. Everett Hoagland
Attorney for the Defendant

Page 8 of 8